UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VALDEMAR TZINTZUN-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | Case No. 2:25-cv-02752-TMC <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.     INTRODUCTION AND BACKGROUND

Petitioner Valdemar Tzintzun-Hernandez is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 6–7. He entered the United States in 2002 and was apprehended by Immigration and Customs Enforcement ("ICE") officers on December 29, 2025. *Id.* ¶¶ 6–7, 12. There is no indication that he has had a custody redetermination hearing before an Immigration Judge, as the government has determined that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Id.* ¶ 31; Dkt. 8 at 2–4.

On December 31, 2025, Tzintzun-Hernandez filed a petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA")

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 25–31. On January 7, 2026, Federal Respondents filed a return to the habeas petition. Dkt. 8. On January 11, 2026, Tzintzun-Hernandez filed a traverse. Dkt. 9. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

--- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025).

The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

On November 25, 2025, in *Maldonado Bautista v. Santacruz*, the U.S. District Court for the Central District of California certified a Bond Eligible Class, comprised of the following individuals:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

--- F.R.D. ----, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025). The court then granted declaratory relief to members of the Bond Eligible Class and vacated a Department of Homeland Security policy requiring ICE agents to treat every person who entered the United States without inspection as "seeking admission" under 8 U.S.C. § 1225(b)(2) and thereby subject to mandatory detention. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1, *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Tzintzun-Hernandez cites both *Maldonado Bautista* and *Rodriguez Vazquez* in support of his claim for habeas relief. Dkt. 1 ¶¶ 1–5, 8, 26–31. Federal Respondents express their disagreement with *Maldonado Bautista* and *Rodriguez Vazquez*, but they do not oppose Tzintzun-Hernandez being considered a member of the *Rodriguez Vazquez* Bond Denial Class for the purposes of this habeas case. Dkt. 8 at 2–4.

The Court agrees with the parties that Tzintzun-Hernandez is a member of the *Rodriguez Vazquez* Bond Denial Class. And given the substantial similarity between the two class definitions, any noncitizen detained at NWIPC who is eligible for membership in the *Maldonado Bautista* Bond Eligible Class will likely be a member of the *Rodriguez Vazquez* Bond Denial

Class. Having so concluded, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Tzintzun-Hernandez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Tzintzun-Hernandez has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

## IV.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.
2. Within fourteen days of receiving Petitioner Valdemar Tzintzun-Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 12th day of January, 2026.

Tiffany M. Cartwright
United States District Judge